UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA LOUISE RUIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 13-1623 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On September 23, 2013, plaintiff Julia Louise Ruiz ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 26, 2013 Case Management Order ¶ 5.

///
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 13, 2006, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 17, 97, 340). Plaintiff asserted that she became disabled on May 1, 2005, due to memory loss, difficulty comprehending, and right leg pain. (AR 110). The ALJ examined the medical record and heard testimony from plaintiff (who was not represented by counsel), and medical and vocational experts on June 30, 2011. (AR 351-76).

On August 30, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 17-27). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: obesity, heart disorder, and a depressive disorder (AR 20); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 20); (3) plaintiff retained the residual functional capacity to perform medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)) with additional limitations[2] (AR 21); (4) plaintiff could not perform her past relevant work (AR

---

[1]The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

[2]The ALJ determined that plaintiff: (i) could lift, carry, push, and pull 50 pounds occasionally and 25 pounds frequently; (ii) could sit for six hours out of an eight-hour workday; (iii) could stand and walk for six hours out of an eight-hour workday; (iv) could occasionally climb, bend, stoop, kneel, crouch, squat, and crawl; (v) could not climb ladders, ropes, or scaffolds; (vi) could not work at unprotected heights or with unprotected moving machinery;

(continued...)

25); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically kitchen helper, industrial cleaner, and hand packer (AR 26); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 21).

The Appeals Council denied plaintiff's application for review. (AR 6).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

---

[2](...continued)
(vii) was limited to simple, repetitive tasks with no public contact; and (viii) could not perform fast-paced work or work that required hypervigilance. (AR 21).

|   |     |                                                                                       |
|---|-----|---------------------------------------------------------------------------------------|
|   | (3) | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four. |
|   | (4) | Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
|   | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B.     Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a

mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)). To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ Properly Evaluated the Severity of Plaintiff's Impairments

#### 1. Pertinent Law

##### a. Step Two

At step two of the sequential evaluation process, plaintiff has the burden to present evidence of medical signs, symptoms and laboratory findings[3] that establish a medically determinable physical or mental impairment that is severe, and that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (citing 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D)); see 20 C.F.R. §§ 404.1520, 416.920. Substantial evidence supports an ALJ's determination that a claimant is not disabled at step two where "there are no medical signs or laboratory findings to substantiate the existence of a

---

[3] A medical "sign" is "an anatomical, physiological, or psychological abnormality that can be shown by medically acceptable clinical and laboratory diagnostic techniques[.]" Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-4p). A "symptom" is "an individual's own perception or description of the impact of his or her physical or mental impairment(s)[.]" Id. (quoting SSR 96-4p); see also 20 C.F.R. §§ 404.1528(a)-(b), 416.928(a)-(b).

medically determinable physical or mental impairment. . . ." Id. (quoting SSR 96-4p) (quotation marks omitted).

Step two is "a de minimis screening device [used] to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Applying the normal standard of review to the requirements of step two, a court must determine whether an ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (citation omitted); see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." Webb, 433 F.3d at 686 (citation omitted).

### b. ALJ's Duty to Develop the Record

Although each claimant bears the burden of proving disability, an ALJ has an affirmative duty "to fully and fairly develop the record and to assure that the claimant's interests are considered." Smolen, 80 F.3d at 1288 (citation omitted); see also McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011) ("The ALJ has a duty to conduct a full and fair hearing.") (citing id.). An ALJ must be "especially diligent" where, like here, a claimant has no representation at all. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citation omitted); Vidal v. Harris, 637 F.2d 710, 711 (9th Cir. 1981) (where a claimant "is not represented by counsel" ALJ has "very heavy burden" to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts . . . .") (quoting Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978)) (internal quotation marks omitted).

///

The ALJ is not required, however, to undertake independent exploration of every conceivable condition or impairment a claimant might assert. An ALJ's duty to develop the record further is triggered only "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). A specific finding of "ambiguity or inadequacy of the record," however, is not required. McLeod, 640 F.3d at 885 (citation omitted). Moreover, when a claimant is unrepresented, a case must be remanded only where the ALJ's failure to meet the "heavy burden" fully and fairly to develop the record "may have [] prejudiced" the claimant. Higbee v. Sullivan, 975 F.2d 558, 561-62 (9th Cir. 1992) (citations omitted); see also Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985) ("Lack of counsel does not affect the validity of the hearing unless the [claimant] can demonstrate prejudice or unfairness in the administrative proceedings.") (citing Vidal, 637 F.2d at 713).

### 2. Analysis

The report of an April 21, 2009 x-ray of plaintiff's lumbar spine noted levoscoliosis, advanced spondylosis at L5-S1, and mild bilateral sacroiliac osteoarthritis. (AR 318). In an April 27, 2009 progress note, plaintiff's treating physician acknowledged the x-ray report and essentially adopted the diagnoses therein. (AR 303). Plaintiff contends that, in light of the foregoing, reversal or remand is warranted because the ALJ failed properly to develop the medical evidence of plaintiff's "lumbar spine impairments" and, consequently, failed to find such to be "severe" at step two of the sequential evaluation process. (Plaintiff's Motion at 3-5). The Court disagrees.

First, the ALJ was not required to give any weight to the findings in the April 21 x-ray report or to her treating physician's consequent diagnoses based thereon (prepared less than a week later) since such evidence does not reflect a physical impairment that would satisfy the durational requirement – *i.e.*, a

1  disabling impairment expected to last for *at least* twelve months.  See 42 U.S.C.
2  § 423(d)(1)(A); Burch, 400 F.3d at 679; see also Vincent v. Heckler, 739 F.2d
3  1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation only when he
4  rejects "significant probative evidence.") (citation omitted).

5        Second, even so, the medical evidence supports the ALJ's determination at
6  step two that plaintiff's purported lumbar spine impairments were not "severe."
7  As the ALJ implicitly determined, the medical records plaintiff cites do not reflect
8  that any of the impairments identified in plaintiff's lumbar spine (*i.e.*,
9  levoscoliosis,[4] advanced spondylosis at L5-S1, and *mild* bilateral sacroiliac
10 osteoarthritis) necessarily had more than a minimal effect on plaintiff's ability to
11 work.  (AR 23) (citing Exhibit 16F at 16 [AR 318]).  Moreover, plaintiff points to
12 no evidence (and the Court finds none) that the diagnosis of such lumbar spine
13 impairments, without more, reflects otherwise.  See Matthews v. Shalala, 10 F.3d
14 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient
15 proof of a disability."); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) ("The
16 mere diagnosis of [an impairment] . . . says nothing about the severity of the
17 condition.") (citation omitted); see, e.g., Verduzco v. Apfel, 188 F.3d 1087, 1089
18 (9th Cir. 1999) ("Although the [claimant] clearly does suffer from diabetes, high
19 blood pressure, and arthritis, there is no evidence to support his claim that those
20 impairments are 'severe.'").  Although plaintiff asserts in a conclusory manner that
21 the evidence shows that her lumbar spine impairments are "severe" and "would
22 undoubtedly limit [plaintiff] to far less than lifting 50 pounds" (Plaintiff's Motion
23 at 5) (citing AR 303, 318), the Court will not second guess the ALJ's implicit
24 determination to the contrary which is supported by substantial evidence.  See
25 Robbins, 466 F.3d at 882 (citation omitted).

---

27     [4]"Levoscoliosis describes a spinal curve to the left . . . common in the lumbar spine. . . ."
28 Scoliosis Types, spine-health website, available at http://www.spine-health.com/conditions/scoliosis/scoliosis-types.

Finally, the Court cannot conclude, as plaintiff argues, that a remand is required because the ALJ's duty to develop the record further was triggered in the instant case, or if it was, because plaintiff suffered prejudice from the ALJ's failure to develop the record.  Plaintiff does not argue that the evidence of plaintiff's impairments is ambiguous, or that the record as a whole was inadequate to allow for proper evaluation of the evidence.  Plaintiff's conclusory assertions that the ALJ "committed reversible error by failing . . . to obtain updated medical records prior to rendering a decision" and "that the x-ray report of April 21, 2009 was never reviewed by any medical experts" (Plaintiff's Motion at 4-5) do not reasonably suggest otherwise.  Plaintiff also does not show that she was prejudiced by any failure properly to develop the record.  Specifically, almost two years after the hearing (*i.e.*, on May 20, 2013), when plaintiff was represented by counsel, the Appeals Council gave plaintiff three additional months to submit new and material evidence.  (AR 9).  Plaintiff, however, did not provide any additional evidence.  Moreover, plaintiff does not plausibly identify any particular missing medical evidence which would document any additional medically determinable physical or mental impairment that was severe, much less one that was disabling.  Cf. Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (courts "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief") (citation and internal quotation marks omitted).  In addition, plaintiff fails to demonstrate that her lumbar spine impairments caused any physical limitations that were not already accounted for in the ALJ's residual functional capacity assessment.

Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

**B.    The ALJ's Findings at Step 5 Are Free of Material Error**

   **1.    Pertinent Law**

If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant

can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citing 20 C.F.R. § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A). The Commissioner may satisfy this burden, depending upon the circumstances, by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett). Where, as here, a claimant suffers from both exertional and nonexertional limitations, the Grids do not mandate a finding of disability based solely on the claimant's exertional limitations, and the claimant's non-exertional limitations are at a sufficient level of severity such that the Grids are inapplicable to the particular case, the Commissioner must consult a vocational expert.[5] Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007); see Lounsburry v. Barnhart, 468 F.3d 1111, 1116 (9th Cir.), as amended (2006); Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989). The vocational expert's testimony may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record. See Tackett, 180 F.3d at 1101.

ALJs routinely rely on the DOT "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1)

---

[5]The severity of limitations at step five that would require use of a vocational expert must be greater than the severity of impairments determined at step two. Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

(DOT is source of reliable job information); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (DOT is presumptive authority on job classifications). An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p). In order for an ALJ to accept vocational expert testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir.), as amended (1997) (citations omitted).

### 2. Discussion

Plaintiff contends that the ALJ erred at step five in finding that plaintiff could perform the representative jobs of kitchen helper, industrial cleaner, and hand packer because the requirements of such jobs are inconsistent with plaintiff's abilities. (Plaintiff's Motion at 5-8). A reversal or remand is not required on this basis.

With respect to the jobs of kitchen helper and industrial cleaner, the parties agree that the requirements of such jobs are inconsistent with plaintiff's abilities, and that neither the ALJ nor the vocational expert explained the conflict. (Plaintiff's Motion at 6; Defendant's Motion at 10). Therefore, the vocational expert's testimony that plaintiff (or a hypothetical individual with the same characteristics as plaintiff) could do the jobs of kitchen helper and industrial cleaner could not serve as substantial evidence supporting the ALJ's determination at step five that there were jobs in the national economy that plaintiff could perform. Nonetheless, such error was harmless since, as discussed below, the ALJ

properly determined that plaintiff could perform other work (*i.e.*, hand packager) that the vocational expert also identified.

As plaintiff correctly notes, the DOT states that a hand packager, among other things, "[s]tarts, stops, and regulates [the] speed of [a] conveyor," and packages, wraps, weighs and labels various items. (Plaintiff's Motion at 7) (citing DOT § 920.587-018 [Hand Packager]). Plaintiff argues that such requirements exceed her abilities because, as the ALJ noted in determining residual functional capacity, plaintiff is unable to "perform work requiring hypervigilance or fast-paced work." (Plaintiff's Motion at 7) (citing AR 21). This Court finds no actual conflict, however, between plaintiff's abilities and the DOT requirements identified for such job. Specifically, although the job of hand packager involves operating a conveyor belt, as well as packaging, wrapping, weighing and labeling any number of different items, the ALJ's residual functional capacity assessment contains no limitation on plaintiff's capacity for such functions. (AR 21). Plaintiff cites no authority for her conclusory assertion that the job of hand packager as described in the DOT requires "hypervigilance" or "fast-paced work." (Plaintiff's Motion at 7).

Moreover, since the DOT does not expressly state that the job of hand packager is a "fast paced oriented" occupation, or that it requires hypervigilance, the ALJ appropriately obtained the testimony of a vocational expert to assist in the step five determination. See Fuller v. Astrue, 2009 WL 4980273, *3 (C.D. Cal. Dec. 15, 2009) (where nature of particular action required in performance of job not specified in DOT, ALJ may properly rely on testimony from vocational expert to determine whether claimant can perform job in question despite claimant's limitations). Here, the ALJ posed a hypothetical question to the vocational expert which included all of the limitations noted in the ALJ's residual functional capacity assessment for plaintiff including that plaintiff could not do work requiring hypervigilance or involving "fast-paced moving objects." (AR 21, 369-

70). In response, the vocational expert testified that a claimant with the stated limitations could still perform the job of hand packager. (AR 370). The vocational expert's testimony, at least with respect to the job of hand packager, constitutes substantial evidence supporting the ALJ's determination that plaintiff could perform such job. <u>Tackett</u>, 180 F.3d at 1101. The Court will not second-guess the ALJ's reasonable interpretation of such evidence, even if it could give rise to contrary inferences.

Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 25, 2014

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE